Eastern District of Kentucky
**FILED**

NOV 22 2024

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA

V.                                                INDICTMENT NO. 6:24-cr-079-CHB

BRANDON K. DAVIDSON

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about November 3, 2024, in Jackson County, in the Eastern District of Kentucky,

**BRANDON K. DAVIDSON**

did knowingly and intentionally possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 18 U.S.C. § 924(c)(1)(A)

On or about November 3, 2024, in Jackson County, in the Eastern District of Kentucky,

**BRANDON K. DAVIDSON**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he

may be prosecuted in a Court of the United States, as set forth in Count 1, that is, possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 3
## 18 U.S.C. § 922(g)(1)

On or about November 3, 2024, in Jackson County, in the Eastern District of Kentucky,

**BRANDON K. DAVIDSON,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a .38 caliber Rossi revolver with serial number EO19549, which had been shipped or transported in interstate commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1. By virtue of the commission of the felony offense alleged in Count 1 of the Indictment, **BRANDON K. DAVIDSON**, shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **BRANDON K. DAVIDSON**, has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the felony offenses charged in Counts 2 and 3 of the Indictment, **BRANDON K. DAVIDSON**, shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violations of 18 U.S.C. §§ 922 and/or 924. Any and all interest that **BRANDON K. DAVIDSON**, has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**FIREARMS AND AMMUNITION:**
a. Rossi, .38 caliber revolver, S/N: EO19549; and
b. All associated ammunition and accessories.

**CURRENCY:**
c. $1,188.00 in United States currency seized from Brandon K. Davidson on November 3, 2024.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

**FOREPERSON**

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## PENALTIES

### COUNT 1:
Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

### COUNT 2:
Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

### COUNT 3:
Not more than 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years of supervised release.

**PLUS:** Forfeiture of all listed property.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.